Mathews, J.
delivered the opinion of the court. The plaintiffs having caused an attach-1 ^ ment to be levied on the steam boat Alabama, the St. Stephens steam boat company intervened . . , . ii-ii in their corporate capacity, and claimed lier as ,, . , ™. . , . , their property. The intervening party are a body politic, created by an act of the legisl .ture of the territory of Alabama, the capital stock 0f which is divided into shares of a certain amount, and Smoot the defendant owns ten of them, subscribed for by him.
The questions to be decided are 1. Is it proper for our courts of justice to recognise, in their judicial proceedings, the company as a corporate body ? S. Can the shares or stock of any individual stockholder be legally attached ?
I. The propriety or legality of one sovereign state acknowledging, and favouring the rights and privileges of political bodies of another state, are opposed on the ground of their being in violation of the sovereignty of that which recognizes the acts of incorporation of the other, and to the prejudice of the rights of its citizens. *32 It does not appear to this court that these things will of necessity result, in every case, from such acknowledgment and recognition. When attempts directly opposed to the sovereign power of a state and the rights of its citizens are made by the political bodies of another, they certainly ought to be repelled, and so ought such, if made by corporations deriving their existence from the government, under which they act. But as the present claim of the St. Stephens steam boat company is not of this nature, we are of opinion that they ought to be allowed to prosecute it in their corporate capacity.
II. The existence of the claimants being recognised as a body corporate, and it being admitted that the boat attached belongs to them as a part of their common stock, it is clear tüat Smoot does not possess such certain and distinct individual property in it, as to make his interest attachable. The estate and rights of a corporation belong so completely to the body, that none of the individuals who compose it has any right of ownership in them, nor can dispose of any part of them. Civ. Code, 88, art. 11.
The court is of opinion that the district court erred in disallowing the claim of the company.
Livingston for the plaintiffs, Duncan for the claimants. ⅜
It is therefore, ordered, adjudged, and that the judgment be annulled, avoided and reversed, and that the attachment of the plaintiff and appellant be quashed, so far as it relates to the said steam boat the Alabama, and that she be released therefrom.